IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA as Broadcast Licensee of the September 5, 2021 Peru v. Venezuela Soccer Match, §§§§§ | |
| Plaintiff, §§ | |
| v. § | Civil Action No. 1:23-cv-784 |
| 1) OLSCRHTI BEV DOS, LLC, individually, and d/b/a OJOS LOCOS SPORTS CANTINA and d/b/a OJOS LOCOS AUSTIN; 2) RICHARD S. HICKS, individually, and d/b/a OJOS LOCOS SPORTS CANTINA and d/b/a OJOS LOCOS AUSTIN; and 3) CRAZY EYES HOLDINGS, LLC, individually, and d/b/a OJOS LOCOS SPORTS CANTINA and d/b/a OJOS LOCOS AUSTIN; and 4) REACH RESTAURANT GROUP, LLC, individually, and d/b/a OJOS LOCOS SPORTS CANTINA and d/b/a OJOS LOCOS AUSTIN; and 5) TODD ISTRE, individually, and d/b/a OJOS LOCOS SPORTS CANTINA and d/b/a OJOS LOCOS AUSTIN, §§§§§§§§§§§§§§§§§ | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants (1) Olscrhti Bev Dos, LLC, individually, and d/b/a Ojos Locos Sports Cantina and d/b/a Ojos Locos Austin ("Olscrhti Bev Dos"); (2) Richard S. Hicks, individually, and d/b/a Ojos Locos Sports Cantina and d/b/a Ojos Locos Austin ("Hicks"); (3) Crazy Eyes Holdings, LLC, individually, and d/b/a Ojos Locos Sports Cantina and d/b/a Ojos Locos Austin ("Crazy Eyes Holdings"); (4) Reach Restaurant Group, LLC, individually, and d/b/a Ojos Locos Sports Cantina and d/b/a Ojos Locos Austin ("Reach

Restaurant"); and (5) Todd Istre, individually, and d/b/a Ojos Locos Sports Cantina and d/b/a Ojos Locos Austin ("Istre") (collectively "Defendants").

## PARTIES

1.     <u>Plaintiff</u>.  Innovative Sports Management, Inc. d/b/a Integrated Sports Media, as Broadcast Licensee of the September 5, 2021 Peru v. Venezuela Soccer Match, is a foreign corporation. Plaintiff's business address is 720 Monroe Street, Suite E-303, Hoboken, New Jersey 07030.

2.     <u>Defendant Olscrhti Bev Dos, LLC.</u>  Olscrhti Bev Dos, LLC is a Texas limited liability company doing business as Ojos Locos Sports Cantina and having its business mailing address as 6010 W. Spring Creek Pkwy., Plano, Texas 75024. On the date of the Event (as defined herein), Defendant Olscrhti Bev Dos, LLC:

      A.     held the license/permit issued by the Texas Alcoholic Beverage Commission for the commercial establishment named Ojos Locos Sports Cantina and located at 7522 N. Interstate Highway 35 Austin, Texas 78752 (the "Establishment");

      B.     owned and/or operated the Establishment;

      C.     had a right and ability to supervise the activities of the Establishment; and

      D.     had an obvious and direct financial interest in the activities of the Establishment.

Defendant Olscrhti Bev Dos, LLC may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to its registered agent for service of process, Capitol Corporate Services, Inc, at 1501 S. Mopac Expy, Ste. 220, Austin, Texas 78746.

3.     <u>Defendant Richard S. Hicks.</u> Richard S. Hicks is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Hicks:

      A.     held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

    B. was an owner and/or manager of the Establishment;

    C. was an officer and/or owner of the entity that owned the property where the Establishment was located;

    D. was an officer and/or owner of the entity owning the Establishment;

    E. had a right and ability to supervise the activities of the Establishment; and

    F. had an obvious and direct financial interest in the activities of the Establishment.

Defendant Hicks may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Hicks at 5212 Tennyson Parkway, Ste. 120, Plano, Texas 75024; or at 6010 W. Spring Creek Parkway, Plano, Texas 75024.

  4. <u>Defendant Crazy Eyes Holdings, LLC.</u>  Crazy Eyes Holdings, LLC is a Texas limited liability company doing business as Ojos Locos Sports Cantina and having its business mailing address as 5212 Tennyson Parkway, Ste. 120, Plano, Texas 75024. On the date of the Event (as defined herein), Defendant Crazy Eyes Holdings, LLC:

    A. held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

    B. owned and/or operated the Establishment;

    C. owned Olscrhti Bev Dos, LLC;

    D. had a right and ability to supervise the activities of the Establishment; and

    E. had an obvious and direct financial interest in the activities of the Establishment.

Defendant Crazy Eyes Holdings, LLC may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to its registered agent for service of process, Capitol Corporate Services, Inc, at 1501 S. Mopac Expy., Ste. 220, Austin, Texas 78746.

5. <u>Defendant Reach Restaurant Group, LLC.</u>  Reach Restaurant Group is a Texas limited liability company doing business as Ojos Locos Sports Cantina and having its business mailing address as 6010 W. Spring Creek Pkwy., Plano, Texas 75024. On the date of the Event (as defined herein), Defendant Reach Restaurant Group:

    A.    held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

    B.    owned and/or operated the Establishment;

    C.    had a right and ability to supervise the activities of the Establishment; and

    D.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant Reach Restaurant Group may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to its registered agent for service of process, Richard S. Hicks, at 5212 Tennyson Parkway, Suite 120 Plano, Texas 75024.

6. <u>Defendant Todd Istre.</u> Todd Istre is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Istre:

    A.    held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

    B.    was an owner and/or manager of the Establishment;

    C.    was an officer and/or owner of the entity that owned the property where the Establishment was located;

    D.    was an officer and/or owner of the entity owning the Establishment;

    E.    had a right and ability to supervise the activities of the Establishment; and

    F.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant Istre may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Istre at 6010 W. Spring Creek Parkway Plano, Texas 75024.

<u>STATEMENT OF JURISDICTION</u>

7. This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

<u>VENUE</u>

8. Venue is proper in this District because Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

<u>STATEMENT OF THE CLAIM</u>

9. <u>Authorization to License Event</u>.  Plaintiff is the license company that was exclusively authorized to sub-license the closed-circuit telecast of the September 5, 2021 Peru v. Venezuela Soccer Match (the "Event") at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

10. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

11. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

12. <u>Exhibition of the Event</u>.  The transmission of the Event originated via satellite and was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

13. The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment. Had Defendants chosen to purchase the Event, Defendants would

have been authorized to receive, transmit and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

14. The establishments that contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

15. On September 5, 2021, either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Event. In the alternative, Defendants assisted in the receipt of the interstate communication of the Event. Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

16. Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

17. Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

18. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

19. Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

<u>VIOLATION OF 47 U.S.C. § 553 OR § 605</u>

20. Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605, or Section 553.

<u>DEMAND FOR RELIEF SOUGHT</u>

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendants, jointly and severally, for:

(a) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d) Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f) Pre and post-judgment interest at the highest rate permitted by law; and

(g) Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

JONES, DAVIS & JACKSON, PC

By: _____
David M. Diaz
Attorney-in-charge
State Bar No. 24012528
ddiaz@jonesdavis.com

15110 Dallas Parkway, Suite 300
Dallas, Texas 75248
Telephone: (972) 733-3117
Fax: (972) 733-3119

ATTORNEY FOR PLAINTIFF